**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

DON THOMAS,                          *
                                     *
        Plaintiff,                   *
                                     *
vs.                                  *   CIVIL ACTION NO. 22-00081-JB-B
                                     *
PROGRESSIVE INSURANCE,               *
                                     *
        Defendant.                   *

## REPORT AND RECOMMENDATION

This action is before the Court for review.  On February 18, 2022, Plaintiff Don Thomas filed a *pro se* complaint alleging that Defendant Progressive Insurance failed to pay him a fair amount for damages to his vehicle.  (Doc. 1).[1]  In an order dated April 6, 2022, the Court noted that Thomas had neither paid the filing fee nor filed a motion to proceed without prepayment of fees when he initiated this action.  (Doc. 2 at 1).  The Court also found that Thomas's complaint was deficiently pled because it did not allege facts providing a basis for federal jurisdiction and did not meet the applicable pleading standards for his purported RICO claim.  (Id. at 2-9).  The Court ordered Thomas to either pay the filing fee or file a motion to proceed without prepayment of fees, and to file an amended complaint addressing and correcting the

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

noted pleading deficiencies, by April 26, 2022.  (Id. at 1-2, 10).
The Court warned Thomas that failure to timely file an amended
complaint which corrected the noted deficiencies would result in
a recommendation that this action be dismissed.  (Id. at 10).  The
Court directed the Clerk to send Thomas a form for a motion to
proceed without prepayment of fees and a copy of this Court's Pro
Se Litigant Guide, which the Court encouraged Thomas to utilize in
drafting his amended complaint.  (Id.).

Thomas paid the $402.00 filing fee for this action on April
25, 2022.  (Doc. 3).  However, Thomas failed to file an amended
complaint by April 26, 2022 as ordered.  Accordingly, on May 16,
2022, the Court ordered Thomas to file an amended complaint by
June 6, 2022, and to show cause by that date for his failure to
timely comply with the Court's April 6, 2022 order.  (Doc. 4 at
2).  The Court warned Thomas that failure to comply with the order
within the prescribed time would result in the dismissal of this
action for failure to prosecute and obey the Court's orders.
(Id.).  Out of an abundance of caution, the undersigned directed
the Clerk to mail the Court's orders dated April 6, 2022 and May
16, 2022 to Thomas at each of the two addresses listed on his
filings in this case.  (Id.).

Thomas has not filed an amended complaint to date, despite
being ordered (for a second time) to do so no later than June 6,
2022.  Nor has he shown cause for his failure to timely comply

with the Court's April 6, 2022 order as directed.  Moreover, the docket reflects that none of the documents the Court mailed to Thomas have been returned as undeliverable.

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order.  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[2]  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

The undersigned recommends that the instant action be dismissed without prejudice based on Thomas's failure to prosecute

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

and to obey the Court's orders directing him to file an amended complaint addressing and correcting the deficiencies in his complaint, which were first pointed out to him in the Court's order dated April 6, 2022. Indeed, in the Court's orders dated April 6, 2022 and May 16, 2022, the Court warned Thomas in the plainest terms that his failure to timely file a complying amended complaint would subject this action to dismissal. (See Doc. 2 at 10; Doc. 4 at 2). Notwithstanding the Court's clear directives, Thomas failed to file an amended complaint as directed. Said inaction suggests that he has simply lost interest in this action. Accordingly, it is recommended that this action be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) and this Court's inherent authority due to Thomas's repeated failures to prosecute and obey this Court's orders.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **10th** day of **June, 2022.**

            **/s/ SONJA F. BIVINS**
      **UNITED STATES MAGISTRATE JUDGE**